UNITED STATES of America, Plaintiff,

v.

Luckner GUILLAUME, Defendant.

No. 97–6007–CR.

United States District Court,
S.D. Florida.

Aug. 3, 1998.

John Kasternakes, Assist. U.S. Atty, West Palm Beach, FL, for Plaintiff.

Michael G. Smith, Fort Lauderdale, FL, for Defendant.

## ORDER DENYING MOTION TO SUPPRESS AND EXCLUDE

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Exclude the testimony of witnesses for allegedly violating the federal bribery statute, 18 U.S.C. § 201(c)(2), which prohibits offering something of value in exchange for testimony. The Court finds that Congress, in enacting that statute, clearly intended to exclude plea agreements between a defendant and a prosecutor. Therefore, the motion to exclude the accomplice testimony is denied.

## ANALYSIS

■ Congress and the courts have long accepted the reality in criminal procedure that, where government needs will be served, immunity from prosecution may be granted to an individual in exchange for testimony regarding the crime under investigation. *See Enforceability of agreement by law enforcement* 32 A.L.R.4th 990 (1984). This practice permits the government to obtain testimony in order to effectuate criminal detections, investigations, and prosecutions, in circumstances where the absence of such testimony would lead to the release of criminals to the detriment of society. *See* 32 A.L.R.4th 990 (1984). Therefore, plea agreements are essential to the administration of justice and are to be encouraged by the courts. *See Santobello v. New York,* 404

U.S. 257, 260, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

■ This exchange of reduced sentences or immunity for testimony presents the danger that a witness, influenced by his hope of obtaining a grant of immunity or a reduced sentence, will promise to testify to anything desired by the prosecution. *See* 32 A.L.R.4th 990 (1984). But because deal striking is so necessary to obtaining prosecutions and enforcing the law, safeguards have been established to protect against such abuses. *See United States v. Dailey,* 759 F.2d 192, 196 (1st Cir.1985); *United States v. Insana,* 423 F.2d 1165, 1169 (2d Cir.1970). Courts have uniformly held that a witness may testify so long as: (1) the government's bargain with him is fully divulged so that the jury can evaluate his credibility; (2) defense counsel is permitted to cross-examine the accomplice about the agreement; and (3) the jury is specifically instructed to weigh the accomplice's testimony with caution. *See United States v. Cervantes–Pacheco,* 826 F.2d 310, 315 (5th Cir.1987); *Dailey,* 759 F.2d at 196. These rules strike a balance between the competing interests of effective law enforcement and the need for reliable testimony in court, and manifest the tenet that "the government cannot be expected to depend exclusively upon the virtuous in enforcing the law." *United States v. Richardson,* 764 F.2d 1514, 1521 (11th Cir.1985).

Nevertheless, the Tenth Circuit Court of Appeals recently held that the federal bribery statute is applicable to the government. *See United States v. Singleton,* 144 F.3d 1343, 1998 WL 350507 (10th Cir. July 1, 1998), *vacated & reh'g en banc granted, United States v. Singleton,* 144 F.3d 1343 (10th Cir.1998). The federal bribery statute provides:

> Whoever .... directly or indirectly, gives, offers, or promises anything of value to any person, for or because of the testimony under oath or affirmation to be given by such person as a witness upon a trial, hearing, or other proceeding, before any court ... authorized by the laws of the United States to hear evidence or take testimony ... shall be fined under this

title or imprisoned for not more than two years or both.

18 U.S.C. § 201(c)(2) (West 1998).

■ Courts have long recognized the rule that statutes do not apply to the government or affect governmental rights unless the text expressly includes the government. *See Nardone v. United States*, 302 U.S. 379, 383, 58 S.Ct. 275, 82 L.Ed. 314 (1937). This rule applies where a statute would deprive the government of "a recognized or established prerogative title or interest" or where applying the statute to the government would create an absurdity. *Id.* The *Singleton* panel found that the rule did not apply to 18 U.S.C. § 201(c)(2), instead opining that the government is included in the statutory class "whoever." *See Singleton*, 144 F.3d 1343, 1346–48. This Court disagrees.[1] The application of § 201(c)(2) to the government deprives it of a "recognized and established prerogative interest or title," works an obvious absurdity, and threatens to hamper the effectiveness of the government in the investigation and prosecution of crime. Therefore, this Court holds that Congress presumptively excluded the government from the application of § 201(c)(2).

### "Recognized or Established Prerogative Interest or Title"

The recommendation of leniency in exchange for testimony is a recognized and established activity of federal prosecutors in the investigation and prosecution of criminal activity. "No practice is more ingrained in our criminal justice system than the practice of the government calling a witness who is an accessory to the crime for which the defendant is charged and having that witness testify under a plea bargain that promises him a reduced sentence." *Cervantes–Pacheco*, 826 F.2d at 315. This traditional prosecutorial granting of leniency has, throughout history, been sanctioned by Congress and the courts. *See* 18 U.S.C. § 3553(e); 18 U.S.C. §§ 6001–6005; 28 U.S.C. § 994(n); USSG § 5K1.1; Fed.R.Crim.P. 35(b). *See, e.g., United States v. Ford*, 99 U.S. 594, 604, 9 Otto 594, 25

L.Ed. 399 (1878) (holding that a public prosecutor is permitted to induce a witness to fully and fairly testify the guilt of his associates in exchange for the prosecutor's recommendation for executive clemency). The case law is replete with instances of this well-known practice. *See, e.g., United States v. Medina*, 90 F.3d 459, 464 n. 8 (11th Cir.1996); *United States v. Garcia Abrego*, 141 F.3d 142, 151 (5th Cir.1998); *United States v. Garcia*, 66 F.3d 851, 857 n. 6 (7th Cir.1995); *United States v. Benny*, 786 F.2d 1410, 1418 (9th Cir.1986). In short, the practice is a recognized and established "prerogative interest or title," and the government is therefore presumptively excluded from the application of § 201(c)(2).

### Obvious Absurdity

■ Applying § 201(c)(2) to federal prosecutors would also work an obvious absurdity in the application of federal statutes. Since its inception, § 201(c)(2) has never been applied to federal prosecutors. The federal sentencing statutes, and the United States sentencing guidelines promulgated as a result of Congressional action, were enacted subsequent to § 201(c)(2), and are in direct conflict with the *Singleton* panel's analysis. It is obvious that Congress intended either to immunize the government from § 201(c)(2), or to supersede the bribery statute as it applies to federal prosecutors. The federal criminal sentencing statute, 18 U.S.C. § 3553(e), provides: "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Section 994(n) of Title 28 instructs the United States Sentencing Commission to ensure that guidelines reflect "the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the

---

1. Apparently the Tenth Circuit as a whole also has reservations about the panel's extraordinary opinion, as the opinion was vacated pending an *en banc* rehearing. Moreover, two U.S. District Courts have published opinions rejecting the *Sin-*

*gleton* panel's conclusion. *See U.S. v. Arana*, —— F.Supp.2d ——, 1998 WL 420673 (E.D.Mich. July 24, 1998); *U.S. v. Duncan*, 1998 WL 419503 (E.D.La. July 15, 1998).

investigation or prosecution of another person who has committed an offense." Similarly, Fed.R.Crim.P. 35(b) provides: "The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense. : . ." Thus, Congress has sanctioned leniency by federal prosecutors to induce a defendant's "substantial assistance" in another defendant's investigation or prosecution.

These statutes, which authorize the rewarding of substantial assistance after it is rendered, would be in conflict with § 201(c)(2) under the *Singleton* panel's analysis. The *Singleton* panel's attempt to reconcile the statutes by declaring that substantial assistance does not include testimony, *see* 144 F.3d 1343, 1355, is not convincing. This Court, like most throughout the nation, has for the last eight years reduced sentences, upon the motion of the government filed in response to a defendant's testimony. Thus, the application of § 201(c)(2) to the government would not merely result in the exclusion of the testimony of accomplice witnesses, but would also necessitate the bizarre conclusion that federal prosecutors routinely violate the law by promising to move to reduce the sentences of defendants in exchange for their testimony.

Many district judges, including this one, have expressed frustration at minimum mandatory sentences and resulting reductions available to those who are higher in the criminal venture hierarchy and not available to those with little information and thus little testimony to provide. Nevertheless, Congress has maintained its position to reward cooperation and testimony with a reduction in the sentence. Even the Congressional response to some public objection to the harsh penalties facing first offenders has included a requirement of cooperation.[2]

The federal sentencing statutes explicitly provide for grants of immunity and reduced sentences in exchange for testimony from a witness. USSG § 5K1.1 provides that the government may move for a downward departure from the guidelines if it determines that the defendant has "provided substantial assistance in the investigation or prosecution of another person who has committed an offense. . . . The appropriate reduction shall be determined by the court for reasons stated that may include ... the truthfulness, completeness, and reliability of any information or *testimony* provided by the defendant." (emphasis added). Thus, this provision expressly allows for the government to reward a defendant for testifying, and the *Singleton* panel's attempt to distinguish "substantial assistance" from testimony therefore fails to reconcile its terms with their radical interpretation of § 201(c)(2).

Applying § 201(c)(2) to federal prosecutors also works an absurdity in view of the federal immunity statute, 18 U.S.C.A. §§ 6001–6005. The *Singleton* panel noted that §§ 6001–6005 "authorize federal prosecutors to grant immunity for testimony while § 201(c)(2) criminalizes offering anything of value for testimony," 144 F.3d 1343, 1348, yet the panel failed to harmonize these statutes. A promise by a federal prosecutor to grant immunity is a thing of value, since a witness subjectively attaches value to it. *See Singleton,* 144 F.3d 1343, 1350. In short, this statute provides further evidence that Congress intended to exclude the government from the application of § 201(c)(2) when granting leniency in exchange for testimony, in order to effectuate an investigation or prosecution.

### CONCLUSION

The statutory class "whoever" in the federal bribery statute, § 201(c)(2), was not intended to encompass a federal prosecutor actually engaged in the investigation or prosecution of a crime. The law has always recognized a manifest difference between a private individual offering another individual money in return for testimony in court and a federal prosecutor promising a witness a recommendation to a court for a downward departure in exchange for testimony. The fact that § 201(c)(2) has never been applied to

---

**2.** 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(5) require a defendant to disclose all the information he possesses about his involvement in the crime, including the identities and participation of others, before he is eligible for the safety valve provisions allowing for a sentence below the minimum mandatory.

federal prosecutors and that safeguards have been established to curtail abuses of this well-established practice make clear that Congress and the courts have sanctioned this practice as a necessary investigatory and prosecutorial activity, one that, in fact, predates the founding of our nation, *See, e.g., Rex v. Rudd,* 1 Cowp. 331 (1775) (holding that a prosecutor may give hope to an accomplice that if he discloses the whole truth, he may, by a recommendation of mercy, save himself from punishment and secure a pardon). The holding of the *Singleton* panel would dangerously disable the government's investigatory and prosecutorial powers. Surely if Congress had intended to eliminate a procedure so well-established, it would have done so in clear, unambiguous terms. Accordingly, it is

ADJUDGED that Defendant's motion to exclude is DENIED.