

evidence of substantial economic impact on the local community due to delays in the reconstruction of the project. In addition, there is evidence in the record that delay in repairing the road will lead to additional environmental damage to Gumboot Creek. Therefore, plaintiffs' request for an injunction is denied.

## IV. ORDER

Based on the foregoing, it is ordered that plaintiffs' motions for summary judgment and for permanent injunction are denied; and defendants' motion for summary judgment is granted. This case is dismissed and all pending motions are denied as moot.

Robert Mydans, Assistant U.S. Attorney, Denver, CO, for Plaintiff.

Harvey A. Steinberg, Springer & Steinberg, P.C., Denver, CO, Michael S. Axt, Denver, CO, for Defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

The defendant is charged in a one count indictment with possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. In reliance upon the Tenth Circuit panel opinion in *United States v. Singleton, 144 F.3d 1343, 1998 WL 350507* (10th Cir.1998), issued July 1, 1998, defendant filed a motion to suppress testimony of a cooperating witness. On July 10, 1998, the Tenth Circuit, en banc, ordered that opinion vacated and scheduled argument for November 1998. Defendant then filed a separate motion to suppress testimony of this cooperating witness, asserting that the government violated 18 U.S.C. § 201(c)(2). Argument on these motions was held on August 14, 1998, two days after Chief Judge Matsch issued his Memorandum Opinion and Order in *United States v. Dunlap, et al.,* 1998 WL 477435, 98–CR–206–M (D.Colo.1998). The defense addressed Judge Matsch's opinion in that case and at the conclusion of the hearing I denied the motions to suppress.

In *Dunlap* the government entered into plea agreements with two cooperating witnesses in which those witnesses were granted certain charging and sentencing concessions in return for their testimony against the defendants in that case. The defendants

UNITED STATES of America, Plaintiff,

v.

Everett GABOUREL, a/k/a Kevin Collins, a/k/a KC, Defendant.

Criminal No. 98–CR–29–B.

United States District Court,
D. Colorado.

Aug. 17, 1998.

moved to suppress their testimony in reliance on 18 U.S.C. § 201(c)(2). Judge Matsch denied the motions to suppress.

In Mr. Gabourel's case, although there is no Rule 11(e) plea agreement with the cooperating witness, it is undisputed that the government has promised her she will not be prosecuted in connection with this case in exchange for her testimony. The defense contends this constitutes a violation of 18 U.S.C. § 201(c)(2) and her testimony must be suppressed. I disagree.

 As to 18 U.S.C. §§ 201(c)(2) and (3), Judge Matsch said "under a strict textual analysis of these paragraphs, standing alone, every plea agreement pursuant to Fed. R.Crim.P. 11(e) involving any promise by the government to provide the defendant with any aid in lessening the amount of liberty lost in sentencing for admitted criminal conduct involves the prosecuting attorney, the defendant, his defense counsel, and the court as complicitors in the commission of the crime". He then surveyed the legal landscape in light of the United States Constitution, pertinent statutes enacted by Congress, applicable rules of criminal procedure, and pertinent case authority to conclude:

"It would be wholly inconsistent with this congressionally authorized practice of plea agreements that provide leniency to defendants in exchange for cooperation to hold that Congress intended to criminalize such agreements in 18 U.S.C. § 201(c). For these reasons, this court holds that the agreements made with the government's witnesses did not violate the anti-gratuity statute. These agreements were within the express authority granted by the Congress in the rules and statutes cited herein and consistent with official policy established by the Attorney General of the United States and the United States Sentencing Commission."

I agree with Judge Matsch's conclusion and the persuasive force of reason for it. Accordingly, I adopt it and apply it to the circumstances of this case.

 I am issuing this memorandum opinion and order to correct what I believe to be a flawed reading of his opinion by the defense in this case. The defense argued that Judge Matsch's opinion was based merely upon "business as usual" conducted by the government and United States' Courts. To the contrary, I read Judge Matsch's opinion to be consistent with the settled rule of statutory interpretation that in applying relevant statutory language to a case, the court looks not only at the statute itself, but the larger statutory context, its object and policy. *See Aulston v. United States,* 915 F.2d 584 (10th Cir.1990); *Utah v. Babbitt,* 53 F.3d 1145 (10th Cir.1995).

 I reject defendant's vague assertion that the government's conduct here violates his right to due process of law under the United States Constitution. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Hoffa v. United States,* 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Finally, defendant's contention that the government's conduct in this case was outrageous is without merit.

IT IS THEREFORE ORDERED that defendant's motion to suppress the testimony of the cooperating witness is DENIED.