**UNITED STATES of America, Plaintiff,**

v.

**Carlos Shenick WHITE, Terrance Maurice Miles, aka T–Miles, Derrick Demeatris Clark, aka Doc, Darryl Griffin, aka Big D, Eric Jerome Golett, aka E.J., Kenny Montana Holton, aka K.G., Defendants.**

**Nos. 4:98CR–9–1H to 4:98CR–9–6H.**

United States District Court, E.D. North Carolina, Eastern Division.

Oct. 14, 1998.

R. Daniel Boyce, Raleigh, NC, J. Michael Mills, Mills & Willey, New Bern, NC, for Carlos Shenick White.

Carlos Shenick White, Greenville, NC, pro se.

Francis Blackwell Stith, Stith, Stith & Stith, PA, New Bern, NC, James A. Crouch, Manning & Crouch, Raleigh, NC, for Terrance Maurice Miles.

Terrance Maurice Miles, Greenville, NC, pro se.

James Braxton Craven, III, Durham, NC, Charles H. Henderson, Trenton, NC, David P. Stillerman, Jr., Greenville, NC, H.P. Williams, Jr., Elizabeth City, NC, John S. O'Connor, Kitty Hawk, NC, for Derrick Demeatris Clark.

Derrick Demeatris Clark, Greenville, NC, pro se.

Jerry Wayne Leonard, Raleigh, NC, Robert J. McAfee, McCotter & McAfee, New Bern, NC, for Darryl Griffin.

Darryl Griffin, Greenville, NC, pro se.

Warren T. Wolfe, Havelock, NC, for Eric Jerome Golett.

Eric Jerome Golett, Cary, NC, pro se.

Gregory E. Wills, Kitty Hawk, NC, for Kenny Montana Holton.

Kenny Montana Holton, Greenville, NC, pro se.

Jane J. Jackson, Asst. U.S. Atty., Raleigh, NC, for U.S.

### ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on defendants' motions to suppress the testimony of certain witnesses on the basis that the government's plea agreements with these witnesses violate the antigratuity statute, 18 U.S.C. § 210(c)(2). The court previously summarily denied defendant Carlos Shenick White's and defendant Terrance Maurice Miles's written motions to suppress on this basis, but the remaining defendants have orally moved to suppress testimony for the same reason. In addition, the Office of the Federal Public Defender filed an *amicus curiae* brief in support of defendants' motions to suppress. Due to the importance of the issues raised by defendants' motions and the court's anticipation that such issues are likely to reappear in subsequent criminal actions, the court now elects to enter a more lengthy written order explaining in detail its reasons for denying defendants' motions to suppress testimony from witnesses who have entered plea agreements with the government.

### COURT'S DISCUSSION

**I. Defendants' Contentions**

Defendants contend that the government has procured testimony from witnesses in their case by promising, through plea agreements, to consider seeking a reduction in the witnesses' criminal sentences in exchange for their testimony. Defendants argue that the government's conduct violates 18 U.S.C. § 201(c)(2), which provides:

Whoever ... directly or indirectly, gives, offers, or promises anything of value to any person, for or because of the testimony

.. as a witness upon a trial, hearing, or other proceeding . . . shall be fined under this title or imprisoned for not more than two years, or both.

18 U.S.C. § 201(c)(2).

Defendants cite in support of their argument the three-judge panel decision in *United States v. Singleton*, 144 F.3d 1343 (10th Cir.1998), *reh'g en banc granted, opinion vacated*, No. 97–3178 (10th Cir. July 10, 1998), in which the United States Court of Appeals for the Tenth Circuit held that any promise made by the government to a witness in exchange for truthful testimony violated the criminal gratuity statute. As revealed by the subsequent *Singleton* history cited above, the Tenth Circuit vacated *Singleton* in its *en banc* order.

Defendants argue that 18 U.S.C. § 201(c)(2) applies to the government, that the government promised potential witnesses in their cases a "thing of value" within the meaning of the statute, and that no law enforcement justification permits favorable plea agreements to be exchanged for testimony.

For its part, the Office of the Federal Public Defender asserts that the plain language of 18 U.S.C. § 201(c)(2) must be presumed to express congressional intent to apply the statute to government plea agreements, no "absurdity" results from applying the statute as written, and that other statutes demonstrating congressional approval of plea agreements do not conflict with § 201(c)(2) as such statutes do not explicitly authorize the government to reward a witness for his testimony as opposed to his cooperation or assistance.

## II. Government's Response

The government responds by asserting that the panel decision in *Singleton*, urged upon the court by defendants, is incorrect, would lead to "absurd results" and should be rejected. Specifically, the government contends that Congress did not intend the result advocated by defendants as evidenced by its enactment of numerous other laws expressly authorizing federal prosecutors to confer benefits on cooperating witnesses in exchange for their testimony. Moreover, the government asserts that Congress enacted

18 U.S.C. § 201(c)(2) "against an unbroken historical record of judicial approval for the practice of offering leniency in exchange for truthful testimony," and no evidence exists that in enacting § 201(c)(2), Congress sought to set this practice aside.

Furthermore, the government insists the *Singleton* panel erred in finding § 201(c)(2) applies to the United States acting in its sovereign capacity. For, as the *Singleton* panel acknowledged, federal statutes ordinarily do not apply to government unless they expressly include the sovereign within their scope.

## III. Court's Analysis

At the outset, the court notes its agreement with defendants that the government promised something of value to the potential witnesses whose promises of testimony it procured through plea bargains. The court agrees with Judge Osteen's conclusion, in addressing this issue for the Middle District of North Carolina in *United States v. Mauney*, that:

> [E]ach side provided something of value to the other. An individual negotiating for dismissal of charges or for a grant of immunity bargains for nothing less than his liberty. To paraphrase counsel for [defendant]: liberty is that for which armies clash; it is the foundation of this nation. We value our liberty far greater than our property.

*United States v. Mauney*, No. 1:97CR251–1, slip. op. at 4 n. 3 (M.D.N.C. July 30, 1998).

However, the court is equally persuaded by Judge Osteen's and the government's view that 18 U.S.C. § 201(c)(2) is inapplicable to government plea bargains designed to encourage witnesses to testify against other criminal defendants. The Supreme Court in *Nardone v. United States*, 302 U.S. 379, 383, 58 S.Ct. 275, 82 L.Ed. 314 (1937), explained a canon of interpretation, "that the general words of a statute do not include the government or affect its rights unless the construction be clear and indisputable upon the text of the act . . . ." The *Nardone* Court divided cases in which the canon applied into two classes. The first was where an act, if con-

strued so as to apply to the sovereign, would deprive the sovereign of a recognized or established prerogative title or interest. *See id.* at 383, 58 S.Ct. 275. The Court cited the exemption of the state from the operation of general statutes of limitation as an example of this situation. *See id.* In addition, the Court noted that the rule of exclusion of the sovereign is more stringently applied when the operation of law is upon the sovereign itself, rather than upon its agents or servants. *See id.* The second instance in which the canon of sovereign exclusion applies is where a reading that would include public officers "work[s] obvious absurdity." *Id.* at 384, 58 S.Ct. 275. By way of example, the *Nardone* Court explained that the application of a speed limit law to a police officer pursuing a criminal or to the driver of a fire engine responding to an alarm would work such an obvious absurdity.

Either of these long-recognized exceptions provides a sufficient basis, in this court's view, for its conclusion that the sovereign, and, hence, federal prosecutors, are not prohibited by 18 U.S.C. § 201(c)(1) from entering into plea agreements with criminal defendants to procure their testimony in other cases. First, the court notes that *Singleton* did not apply § 201(c)(2) only to an "agent" of the United States, but instead to the United States in its sovereign capacity. The United States, not individual prosecutors, brings federal criminal cases. Thus, the United States, rather than an individual prosecutor, enters plea agreements to settle cases and confer benefits on testifying witnesses. *See, e.g.,* 18 U.S.C. § 3553 (allowing downward departure "on motion of the government"). Therefore, strict application of the rule of exclusion of the sovereign is warranted in this case. The Singleton court's holding deprives the United States of a crucial means of obtaining convictions in criminal cases and thereby obstructs the government's interest in enforcing federal law. Moreover, because government efforts to obtain testimony in exchange for leniency are support by a well-established and unbroken body of law, dating back to prerevolutionary England, allowing cooperating criminals to testify against their confederates in the hope of receiving leniency, the *Singleton* interpretation of § 201(c)(2) adopted by these defendants directly "deprive[s] the sovereign of a recognized or established prerogative title or interest." *Nardone,* 302 U.S. at 383, 58 S.Ct. 275; *see also Mauney,* No. 1:97CR251–1, slip op. at 4–5 ("The sovereign's ability to negotiate with individuals has become an integral component of the sovereign's prosecutorial system.... Plea bargains, leniency in sentencing, and grants of immunity, in exchange for assisting prosecutors, are staples of our criminal justice system and are embedded in our common and statutory law." (citing 28 U.S.C. § 994(n); USSG § 5K1.1; Fed. R.Crim.P. 35(b); 18 U.S.C. §§ 3059, 3071, 3553(c), 6002)).

Furthermore, applying § 201(c)(2) to government plea agreements entered to procure future testimony would "work obvious absurdity," *Nardone,* 302 U.S. at 384, 58 S.Ct. 275, because without such testimony, the government would be unable to enforce drug laws, prosecute organized crime figures under RICO, or otherwise effectively proceed in the thousands of cases each year in which it relies on witnesses who testify in return for leniency. In addition, the *Singleton* rationale also would place in violation of § 201(c)(2) federal judges who, to reward a defendant for testimony provided, departed downward beyond the government's recommendation when faced with a § 5K1.1 motion under the Sentencing Guidelines.

Because the sovereign exclusion canons set out in *Nardone* apply to exclude the government from the provisions of 18 U.S.C. § 201(c)(2), defendants' motions to suppress testimony of witnesses who entered into plea bargains with the government are hereby DENIED.

## CONCLUSION

For the above stated reasons, defendants motions to suppress testimony are hereby DENIED.