**UNITED STATES of America, Plaintiff,**

v.

**Michael CRUMPTON, Defendant.**

**Criminal Action No. 96–CR–419–D.**

United States District Court,
D. Colorado.

Oct. 30, 1998.

Stephanie Podolak, Assistant U.S. Attorney, Denver, CO, for Plaintiff.

Ellsa J. Moran, Denver, CO, Steven Gayle, Denver, CO, for Defendant.

**MEMORANDUM OPINION
AND ORDER**

DANIEL, District Judge.

On October 2, 1998, Defendant Crumpton, through his counsel, filed a Motion to Exclude Witnesses and Suppress Testimony. Through this motion the Defendant argues that the Court should preclude the testimony of any witness testifying against him who has been given anything of value in exchange for their testimony because such conduct violates 18 U.S.C. § 201(c)(2), Crumpton's due process rights under the Constitution and his right to a fair trial. Two authorities noted in the Motion are *United States v. Singleton*, 144 F.3d 1343 (10th Cir.1998) *vacated*, (July 10, 1998), and *United States v. Lowery*, 1998 WL 493818, 15 F.Supp.2d 1348 (S.D.Fla. 1998). The *Lowery* decision was issued on August 4, 1998 and supports Crumpton's position. On August 12, 1998, Chief Judge Richard P. Matsch of this District issued a decision in which he thoroughly analyzed the issues surrounding § 201(c)(2) and concluded that government agreements with witnesses do not violate the anti-gratuity statute. *United States v. Dunlap*, 1998 WL 477435, 17 F.Supp.2d 1183 (D.Colo.1998).

■ The motion before me was filed almost two months after Chief Judge Matsch's decision and raises issues identical to those considered in *Dunlap*. In the motion, counsel for Defendant Crumpton makes absolutely no reference to Chief Judge Matsch's decision, which is contrary to the *Singleton* and *Lowery* decisions. D.C. Colo. L.R. 83.6, entitled "Attorney Discipline," adopts as standards of professional responsibility in this Court the Colorado Rules of Professional Conduct. Rule 3.3(a)(3) of the Colorado Rules of Professional Conduct provides that, "[a] lawyer shall not knowingly ... (3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Colo. R. Prof. Conduct 3.3. Since Defendant Crumpton's motion failed to disclose Chief Judge Matsch's decision and there has been no response filed by the Government that disclosed the decision, I conclude that Crumpton's counsel's conduct violates Rule 3.3. Further, I find that it was inappropriate for Crumpton's counsel to file her motion and not mention contrary legal authority that was decided by a Judge of this Court when the existence of such authority was readily available to counsel. Counsel in legal proceedings before this Court are officers of the court and must always be honest, forthright and candid in all of their dealings with the Court. To do otherwise, demeans the court as an institution and undermines the unrelenting goal of this Court to administer justice.

■ Turning to the merits of Defendant Crumpton's argument regarding an alleged violation of 18 U.S.C. § 201(c)(2), I adopt the rationale of Chief Judge Matsch in *Dunlap*. There, after an analysis of the issue in light of the United States Constitution, federal statutes, rules of criminal procedure and pertinent case authority, Judge Matsch concluded:

> [i]t would be wholly inconsistent with this congressionally authorized practice of plea agreements that provide leniency to defendants in exchange for cooperation to hold that Congress intended to criminalize such agreements in violation of 18 U.S.C. § 201(c). For these reasons, this court holds that the agreements made with the government's witnesses did not violate the anti-gratuity statute. These agreements were within the express authority granted by Congress in the rules and statutes cited herein and consistent with official policy established by the Attorney General of the United States and the United States Sentencing Commission.

*Id.* at 1187–88.

I further reject the argument that such testimony violates the Defendant's due process rights under the Constitution for the same reasons articulated by Judge Matsch in connection with the anti-gratuity statute. Agreements which offer an inducement to a witness to testify are within the authority granted by Congress and consistent with official policy, and therefore do not violate the Constitution. *See also United States v. Gabourel*, 9 F.Supp.2d 1246, 1247 (D.Colo.1998)(rejecting due process argument). Further, such agreements and testimony are consistent with long standing Supreme Court authority, including *Hoffa v. United States*, 385 U.S. 293, 297–99, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), *Brady v. Maryland*, 373 U.S. 83, 86–91, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States*, 405 U.S. 150, 155–56, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). To the extent the Defendant offers *United States v. Singleton* in support of his argument, I find that *Singleton* has no precedential value since it was vacated by the Tenth Circuit on July 10, 1998. 144 F.3d 1343 (10th Cir.1998) *vacated*, (July 10, 1998). Accordingly it is,

ORDERED that Defendant's Motion to Exclude Witnesses and Suppress Testimony is DENIED.