UNITED STATES of America, Plaintiff,

v.

Elvia ROQUE–ACOSTA (01), Gustavo
Mendoza–Yuri (02), Defendants.

CR. No. 98–00554 DAE.

United States District Court,
D. Hawai'i.

Nov. 25, 1998.

Kenneth M. Sorenson, Office of the United
States Attorney, Honolulu, HI, for U.S. At-
torneys.

Loretta A. Faymonville, Pamela J. Byrne,
Office of the Federal Public Defenders, Hon-
olulu, HI, for Elvia Acosta–Roque.

Donald L. Wilkerson, Law Offices of Don-
ald L. Wilkerson, Honolulu, HI, for Gustavo
Mendoza–Yuri.

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

DAVID ALAN EZRA, District Judge.

The court heard Defendant's Motion on
November 20, 1998. Assistant United States
Attorney Kenneth M. Sorenson appeared at
the hearing on behalf of the United States;
Assistant Federal Public Defender Loretta
A. Faymonville appeared at the hearing on
behalf of Defendant. After reviewing the
motion and the supporting and opposing
memoranda, the court DENIES Defendant's
Motion to Suppress.

### BACKGROUND

On August 10, 1998, Defendant Elvia Ro-
que–Acosta ("Acosta") and co-defendant Gus-
tavo Mendoza–Yuri allegedly met with a con-
fidential informant ("CI") and sold him two
ounces of heroin for $6,000. The purchase
was monitored by both the Kauai Police De-
partment and the Drug Enforcement Admin-
istration, and immediately following the al-
leged sale, Defendants were arrested and
charged with possession of heroin with intent
to distribute, in violation of 21 U.S.C.
§ 841(a)(1) and 18 U.S.C. § 2.

The United States Attorney intends to
bring charges against Acosta for these of-
fenses, relying partly on the CI's testimony.
The CI was not employed by either the
federal government or the County of Kauai
when the alleged transactions took place, but
he was facing criminal charges in the County
of Kauai. Acosta speculates that the CI will
be offered a reduced sentence in Kauai in
exchange for his testimony. She has no di-
rect evidence of any benefit offered to the

CI, but points out that the Government has a policy of offering leniency in exchange for relevant testimony: "It is not unusual for the United States to promise leniency at sentencing, or to agree to accept a plea of guilty to a lesser charge, or to agree to file for a sentencing departure ... if the offeree agrees to cooperate and testify at the trial of others who stand accused of crimes." Def't Motion at 6–7.

The U.S. Attorney's Office has no pending charges against the CI, appears to have no intention of filing any charges in the future, and has not offered any financial or other direct benefit to CI in exchange for his testimony. There is also no evidence that the federal government is involved with the charges in state court. However, the U.S. Attorney's Office does not deny that the CI may "receive a lesser sentence based on his cooperation with the Kauai Police Department in making the arrests in this case." Gov't Response at 3.

## DISCUSSION

Defendant Acosta challenges the U.S. Attorney's use of the CI's testimony on the grounds that it violates 18 U.S.C. § 201(c)(2) (the "Gratuity Statute"), which provides:

> (c) Whoever ... (2) directly or indirectly, gives, offers or promises anything of value to any person, for or because of the testimony under oath of affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding, before any court, any committee of either House or both Houses of Congress, or any agency, commission, or officer authorized by the laws of the United States to hear evidence or take testimony, or for or because of such person's absence therefrom ... shall be fined under this title or imprisoned for not more than two years or both.

■ At the outset, it is notable that there is no actual evidence of any benefit to the CI from either the state or federal government in exchange for his testimony. Acosta herself simply asserts that she "reasonably believes" that the CI's testimony may be elicited by leniency in the state court proceeding. Her belief, even if reasonable, does not justify suppression of relevant and reliable evidence.

■ Moreover, even if Acosta's belief is correct, and the Government has offered some benefit to the CI in exchange for his testimony, there is still no basis for suppression. It is well-established in the United States that the Government may use incentives to elicit relevant testimony or guilty pleas. "The disposition of criminal charges by agreement between the prosecutor and the accused ... is an essential component of the administration of justice." *Santobello v. New York*, 404 U.S. 257, 260, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Further, the Ninth Circuit has consistently held that "the government is not precluded from using informants before or during trial simply because an informant may have a motive to falsify testimony or to entrap innocent persons." *United States v. Cuellar*, 96 F.3d 1179 (9th Cir.1996). "The fact of a bargain, or of the hope or expectation of leniency affects only the weight of the testimony, not its admissibility." *Darden v. United States*, 405 F.2d 1054, 1056 (9th Cir.1969).

■ With respect to the Gratuity Statute specifically, there is no indication that Congress intended the statute to criminalize the accepted practice of providing incentives for testimony. On the contrary, Congress has specifically promulgated federal statutes permitting such conduct on the part of prosecutors. The Sentencing Guidelines, for example, authorize sentence reductions for witnesses who provide "substantial assistance in the investigation or prosecution of another person." 18 U.S.C. § 3553(e) (West 1998). Additionally, the immunity statutes allow prosecutors to grant immunity to witnesses in exchange for their testimony. 18 U.S.C. §§ 6001–6005 (West 1998). The Supreme Court has condoned this practice, noting that immunity "reflects the importance of such testimony, and the fact that many offenses are of such a character that the only persons capable of giving useful testimony are those implicated in the crime." *Kastigar v. United States*, 406 U.S. 441, 446, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). Thus, a review of related federal statutes indicates

that Congress did not intend to prohibit the use of elicited testimony in federal prosecutions. To reach a contrary conclusion would require the court to assume that Congress intended to criminalize an act that the Government had been specifically authorized by Congress to perform.

The authorities relied upon by Acosta do not urge the opposite conclusion. First, none of the cases cited by Acosta are binding on this court.[1] More significantly, none of the cited cases held that elicited testimony violates the Gratuity Statute. In fact, two of the cases upon which Acosta relies are cited for the proposition that the courts have "been liberal in allowing the testimony of witnesses who have been 'paid.'" Def't Motion at 7 (citing *United States v. Dailey*, 759 F.2d 192 (1st Cir.1985) and *United States v. Grimes*, 438 F.2d 391 (6th Cir.1971)). Only one circuit court has concluded that this practice violates § 201(c)(2), and that opinion was promptly withdrawn by the Tenth Circuit. *See United States v. Singleton*, 144 F.3d 1343 (10th Cir.1998), *vacated*, No. 97–3178 (July 10, 1998)(en banc). Thus, in addition to the general acceptance of this practice, there is a conspicuous absence of contrary authority.

Were the court to conclude that the use of elicited testimony violates the Gratuity Statute, it would upset a crucial aspect of the enforcement and prosecution of crime. Offering leniency in exchange for testimony dates "back to the common law of England and has been recognized and approved by the United States Congress, the United States Courts and the United States Sentencing Commission." *United States v. Barbaro*, 1998 WL 556152, at *3 (S.D.N.Y. Sept.1, 1998).

This conclusion is also consistent with other district courts that have considered the issue. *See, e.g., United States v. Crumpton*, 1998 WL 764804, at *2 (D.Col. Oct.30, 1998) (stating that "[a]greements which offer an inducement to a witness to testify are within the authority granted by Congress"); *United States v. Laureano*, 1998 WL 696006, at *2 (S.D.N.Y. Oct.7, 1998) (holding that "agreements which [afford] cooperating accomplices leniency in exchange for testimony [do] not violate § 201(c)(2)"); *United States v. White*, 1998 WL 758830, at *2 (E.D.N.C. Oct.14, 1998) (finding that "18 U.S.C. § 201(c)(2) is inapplicable to government plea bargains designed to encourage witnesses to testify against other criminal defendants"). Defendant has provided no justification for such a dramatic deviation from existing law, and there are strong reasons to resist such action. The court thus finds that the use of CI's testimony is consistent with 18 U.S.C. § 201(c)(2). Accordingly, Defendant Acosta's Motion to Suppress is DENIED.

## CONCLUSION

For the reasons stated above, the court DENIES Defendant's Motion to Suppress.

IT IS SO ORDERED.

---

1. Specifically, Acosta cites 1) the dissenting opinion in *Olmstead v. United States*, 277 U.S. 438, 484, 48 S.Ct. 564, 72 L.Ed. 944 (1928), 2) cases from the First, Fifth and Sixth Circuits, and 3) three district court cases: two from the Southern District of Florida, and one from the Eastern District of Louisiana.