### UNITED STATES of America, Plaintiff,

v.

### James R. CLARK, Tracy Davis, Defendants.

### No. CR–2–98–152(1,2).

United States District Court, S.D. Ohio, Eastern Division.

Nov. 30, 1998.

**870**

Michael J. Burns, United States Attorney's Office, Columbus, OH, for plaintiff.

Richard Cline, Columbus, OH, for James Clark.

Paul R. Hensley, Federal Public Defender, Columbus, OH, for Tracy Davis.

### MEMORANDUM ORDER

SARGUS, District Judge.

This matter is before the Court on the motions to suppress anticipated trial testimony filed by defendants Tracy Davis (Doc. 23) and James R. Clark (Docs.35, 40). Defendant Davis, in particular, moves to exclude the testimony of a confidential source to whom he delivered crack cocaine. Through these motions, defendants argue that the Court should preclude the testimony of any witness testifying against them who has been given anything of value in exchange for their testimony because such conduct violates the federal bribery statute, 18 U.S.C. § 201(c)(2).[1]

### I.

Defendants rely extensively upon the decision and reasoning of *United States v. Singleton*, 144 F.3d 1343 (10th Cir.1998), in which a panel of the Court of Appeals for the Tenth Circuit found that the prosecutor in that case had violated § 201(c)(2) by entering into a cooperation agreement with an accomplice in which the accomplice agreed to testify truthfully in return for leniency. The

*Singleton* decision, however, was vacated ten days after it was issued and an en banc review ordered. See *United States v. Singleton*, 144 F.3d 1343 (10th Cir.1998).

The reasoning in *Singleton* is undermined by legislation passed by Congress after the enactment of the anti-bribery statute, which recognizes, approves, and encourages the very deal-making at issue in *Singleton*. See 18 U.S.C. § 3553(e); 18 U.S.C. §§ 6001–6005; 28 U.S.C. § 994(n); U.S.S.G. § 5K1.1; Fed.R.Crim.P. 35(b). Plea agreements are essential to the administration of justice and are to be encouraged by the courts. See *Santobello v. New York*, 404 U.S. 257, 260, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The recommendation of leniency in exchange for testimony is a recognized and established activity of federal prosecutors in the investigation and prosecution of criminal activity. "No practice is more ingrained in our criminal justice system than the practice of the government calling a witness who is an accessory to the crime for which the defendant is charged and having that witness testify under a plea bargain that promises him a reduced sentence." *United States v. Cervantes–Pacheco*, 826 F.2d 310, 315 (5th Cir. 1987) (en banc), *cert. denied*, 484 U.S. 1026, 108 S.Ct. 749, 98 L.Ed.2d 762 (1988). This traditional prosecutorial granting of leniency has, throughout history, been sanctioned by the courts as well. *See, e.g., United States v. Ford*, 99 U.S. 594, 604, 25 L.Ed. 399 (1878) (The Whiskey cases) (holding that a public prosecutor is permitted to induce a witness to fully and fairly testify to the guilt of his associates in exchange for the prosecutor's recommendation for executive clemency). The case law is replete with instances of this well-known practice. *See, e.g., United States v. Medina*, 90 F.3d 459, 464 n. 8 (11th Cir. 1996); *United States v. Garcia Abrego*, 141 F.3d 142, 151 (5th Cir.1998); *United States v. Garcia*, 66 F.3d 851, 857 n. 6 (7th Cir.1995); *United States v. Locascio*, 6 F.3d 924, 930 (2d Cir.1993); *cert. denied*, 511 U.S. 1070, 114 S.Ct. 1645, 128 L.Ed.2d 365 (1994);

---

**1.** The federal criminal bribery statute provides: Whoever ... directly or indirectly, gives, offers, or promises anything of value to any person, for or because of the testimony under oath or affirmation to be given by such person as a witness upon a trial, hearing, or other

proceeding, before any court ... authorized by the laws of the United States to hear evidence or take testimony ... shall be fined under this title or imprisoned for not more than two years or both.
18 U.S.C. § 201(c)(2).

*United States v. Benny,* 786 F.2d 1410, 1418 (9th Cir.1986). As recognized by Judge Learned Hand almost five decades ago, "[c]ourts have countenanced the used of informers from time immemorial; in cases of conspiracy, or in other cases when the crime consists of preparing for another crime, it is usually necessary to rely upon them or upon accomplices because the criminals will almost certainly proceed covertly." *United States v. Dennis,* 183 F.2d 201, 224 (2d Cir.1950), aff'd, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1951), and cited with approval in *Hoffa v. United States,* 385 U.S. 293, 311, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966).

In short, the practice of accomplice or informer testimony is a recognized and established "prerogative interest or title," and the government is therefore presumptively excluded from the application of § 201(c)(2). *Nardone v. U.S.,* 302 U.S. 379, 58 S.Ct. 275, 82 L.Ed. 314 (1937). The *Singleton* court's holding deprives the United States of a crucial means of obtaining convictions in criminal cases and thereby obstructs the government's interest in enforcing federal law. The *Singleton* interpretation of § 201(c)(2) adopted by these defendants directly "deprive[s] the sovereign of a recognized or established prerogative title or interest." *Id.* at 383, 58 S.Ct. 275.

Furthermore, applying § 201(c)(2) to government plea agreements entered to procure future testimony would "work obvious absurdity," *Nardone,* 302 U.S. at 384, 58 S.Ct. 275, because without such testimony, the government would be unable to enforce drug laws, prosecute organized crime figures under RICO, or otherwise effectively proceed in the thousands of cases each year in which it relies on witnesses who testify in return for leniency. In addition, the *Singleton* rationale also would place in violation of § 201(c)(2) federal judges who, to reward a defendant for testimony provided, departed downward beyond the government's recommendation when faced with a § 5K1.1 motion under the Sentencing Guidelines. Based on these absurd potential results, this Court rejects the reasoning in *Singleton.*

This position is consistent with the conclusion reached by nearly all district courts to have considered this issue. *See, e.g., United States v. White,* 27 F.Supp.2d 646, 647 (E.D.N.C.1998) (§ 201(c)(2) is inapplicable to government plea bargains designed to encourage witnesses to testify against other criminal defendants); *United States v. Hammer,* 25 F.Supp.2d 518, 535 (M.D.Pa.1998) (*Singleton* was "an erroneous decision"); *United States v. Juncal,* 1998 WL 525800, *1 (S.D.N.Y. Aug.20, 1998) (rejecting reasoning of the Tenth Circuit in *Singleton* ); *United States v. Gabourel,* 9 F.Supp.2d 1246, 1247 (D.Col. Aug.17, 1998) (holding that the agreements made with the government's witnesses did not violate the anti-gratuity statute); *United States v. Guillaume,* 13 F.Supp.2d 1331, 1333 (S.D.Fla. Aug.3, 1998) (application of § 201(c)(2) to federal prosecutors would result in "an obvious absurdity"); *United States v. Eisenhardt,* 10 F.Supp.2d 521, 522 (D.Md. July 30, 1998) (*Singleton* opinion was "amazingly unsound" and "nonsensical"); *United States v. Reid,* 19 F.Supp.2d 534, 536 (E.D.Va.1998) (to prohibit prosecutors from making promises in exchange for testimony works an "absurd" result); *United States v. Arana,* 18 F.Supp.2d 715, 717 (E.D.Mich. 1998) (application of § 201(c)(2) to federal prosecutors negotiating plea agreements "would create an absurdity"); *United States v. Duncan,* 1998 WL 419503 (E.D.La. July 15, 1998) (denying motion to suppress based on vacated status of *Singleton* ); but see, *United States v. Lowery,* 15 F.Supp.2d 1348 (S.D.Fla.1998) (finding that § 201(c)(2) applies and excluding testimony of cooperating witness); and *United States v. Fraguela,* 1998 WL 560352 (E.D.La.).

To the extent defendants offer *Singleton, Lowery,* and *Fraguela* in support of their arguments, this Court finds that *Singleton* offers no precedential value since it was vacated by the Tenth Circuit on July 10, 1998. Further this Court does not find persuasive the district court opinions in *Lowery* and *Fraguela.* Thus, defendants' motions lack any supporting legal authority. Accordingly, the Court **DENIES** defendants' motion to suppress testimony of government witnesses (Docs.23, 35, 40).

**IT IS SO ORDERED.**