USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1576

 UNITED STATES,

 Appellee,

 v.

 EMILIO ENCARNACION,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Bownes, Senior Circuit Judge,
 and Lynch, Circuit Judge.
 
 

 Harry C. Batchelder, Jr., Henry H. Rossbacher, Tracy W. Young,
and Rossbacher & Associates on brief for appellant.
 Paul M. Gagnon, United States Attorney, and Jean B. Weld,
Assistant U.S. Attorney, on Motion for Summary Disposition.

December 23, 1998

 
 
 
 Per Curiam. Emilio Encarnacion appeals from the
 district court's denial of his motion to withdraw his guilty
 plea. He also seeks resentencing on the ground that the
 testimony provided by cooperating witnesses at his sentencing
 hearing was obtained in exchange for leniency granted by the
 government, in violation of 18 U.S.C. 201(c)(2). The
 government has moved for summary affirmance of appellant's
 conviction and sentence. We grant the motion.
 I. Motion to Withdraw
 The reason appellant has given for seeking withdrawal
 of his guilty plea is that he received ineffective assistance
 of counsel from the attorney who represented him in the months
 leading up to and including the time that he entered his plea. 
 "Even prior to sentencing, defendants who maintain such a
 position must meet the accepted tests for ineffective
 assistance before being allowed to withdraw pleas on this
 basis." United States v. Pellerito, 878 F.2d 1535, 1537-38 (1st
 Cir. 1989). The district court concluded that appellant had
 failed to meet that test and found, instead, that appellant's
 attorney's 
 competence was in the range of competence
 required of counsel in criminal cases and
 that his performance did not fall below
 the standard of performance of reasonably
 proficient counsel. Indeed, [the
 attorney] performed his duties as counsel
 well under the difficult circumstances
 created by an uncooperative and
 manipulative client.
 
 District Court Order, February 26, 1998, Docket No. 99.
 -2-
 We review the district court's determination under an
 abuse of discretion standard. See United States v. Isom, 85
 F.3d 831, 834 (1st Cir. 1996). "The trial court's subsidiary
 factfinding in connection with plea-withdrawal motions can be
 set aside only for clear error. As in kindred contexts,
 '[w]here there are two permissible views of the evidence, the
 factfinder's choice between them cannot be clearly erroneous.'"
 Pellerito, 878 F.2d at 1538 (citation omitted). We have
 carefully reviewed the entire record, including the transcripts
 of the guilty plea hearing and the hearing on appellant's
 motion to withdraw his guilty plea. Our review persuades us
 that the district court's findings were not clearly erroneous. 
 Nor did the district court abuse its discretion in rejecting,
 on the basis of those findings, appellant's motion to withdraw
 his guilty plea. The denial of that motion is affirmed.
 II. Resentencing Request
 Appellant argues that he should be resentenced
 because the testimony of the witnesses at his sentencing
 hearing "was obtained through lenient treatment by the
 government" in violation of 18 U.S.C. 201. Appellant's Brief,
 p. 24. Because this argument was not raised before the
 district court, we apply plain-error review. See United Statesv. Bradstreet, 135 F.3d 46, 50 (1st Cir.), cert. denied, 118
 S.Ct. 1805 (1998); Fed.R.Crim.P. 52(b). "To be correctable
 under Rule 52(b), an error or defect raised for the first time
 on appeal must be 'plain,' meaning 'clear' or 'obvious,' at the
 time of appellate consideration [among other requirements]."
 Id. (citations omitted). The alleged error does not meet that
 standard. In support of his argument, appellant relies on a
 decision by the Tenth Circuit which has been vacated and
 rehearing en banc granted. See United States v. Singleton, 144
 F.3d 1343 (10th Cir. 1998), rehearing en banc granted, opinion
 vacated (July 10, 1998). Other courts addressing similar
 challenges have rejected the reasoning of the Singletondecision. See United States v. Juncal, 1998 WL 525800
 (S.D.N.Y.); United States v. Arana, et al., 1998 WL 420673
 (E.D.Mich.); United States v. Guillaume, 1998 WL 462199 (S.D.
 Fla.). Under these circumstances, the error (if any) is not
 "plain." Appellant's request for resentencing is denied.
 The government's motion for summary disposition is
 granted. See Loc. R. 27.1.