OPINION
Defendant, Justin Coleman, was arrested on May 17, 1998, and charged in connection with the murder of Richard Witte. Although the defendant was originally charged as a juvenile, on August 7, 1998, defendant was bound over by the Franklin County Court of Common Pleas, Juvenile Division, for trial as an adult.[1] On September 4, 1998, defendant was indicted by the Franklin County Grand Jury on one count of aggravated murder, in violation of R.C. 2903.01, and one count of conspiracy to commit aggravated murder, in violation of R.C. 2923.01.
On September 9, 1998, defendant was arraigned in front of Franklin County Common Pleas Court Judge Deborah O'Neill. At the arraignment, defendant was represented by Mr. Steven Denhart of the Franklin County Public Defender's Office. At that time, defendant informed the court that he had retained Thomas Twyford and Samuel Weiner to represent him; however, neither Mr. Twyford nor Mr. Weiner could be present for the arraignment. The trial court continued with the arraignment, and Mr. Denhart represented the defendant. Defendant entered a plea of not guilty, and the trial court set bond. The trial court indicated that, in the event that defendant's counsel would request that the issue of bond be reevaluated, the court would be willing to do so.
Defendant's trial was scheduled to begin on October 1, 1998. However, on that date, defendant appeared in front of Judge O'Neill without counsel. Defendant again indicated to the court that he had retained Mr. Twyford and Mr. Weiner to represent him. However, the court indicated that Mr. Twyford had personally informed the court that morning that he had not been retained to represent the defendant in these proceedings. The court further informed the defendant that Mr. Weiner had not made an appearance in this case. The court then advised the defendant that it was currently in trial on another matter, and, in any event, that defendant needed an attorney to prepare his case and to represent him in connection with the crimes charged in the indictment. The court presented defendant with a continuance form and explained that by signing the form, he would be waiving his right to a speedy trial. The court then indicated that it would have defendant screened by the public defender's office to see if he would be entitled to a court-appointed attorney. The court again asked defendant if he was in a position to defend himself and go to trial that day. The defendant indicated that he was not, and signed the continuance. The matter was thereafter reset for trial to begin on November 23, 1998.
On October 2, 1998, the court appointed attorney Robert Schopis of the Franklin County Public Defender's Office to represent the defendant. On November 6, 1998, defendant appeared with Mr. Schopis and indicated that Mr. Harry Reinhart had been retained as counsel. Defendant then requested another continuance, at which time trial was continued to December 7, 1998. On December 15, 1998, defendant's trial was again continued to January 7, 1999.
On Decembert 24, 1998, defendant filed a motion to dismiss the charges contained in the indictment on the basis that his right to a speedy trial had been violated. The court overruled the motion to dismiss on January 7, 1999. At that time, counsel for the defendant also moved to suppress the testimony of Kevin Witte, a codefendant, upon learning that Kevin had agreed to testify against the defendant, as well as against his mother and codefendant, Kathleen Witte. The record reveals that the court overruled the defendant's motion to suppress, at which time defendant withdrew his previously entered plea of not guilty, and pled no contest to a statutorily lesser-included offense of attempted murder and arson. The trial court accepted the defendant's pleas and entered findings of guilty on both charges. The remaining charge of conspiracy to commit aggravated murder was dismissed as a result of the prosecutor stating his/her intention to nolle prosequi that charge. Defendant was sentenced to ten years on the attempted murder charge and three years on the arson charge, both sentences to be served consecutively.
Defendant now appeals asserting the following three assignments of error:
 I. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT BY OVERRULING THE DEFENDANT'S MOTION TO PROHIBIT THE USE OF PURCHASED TESTIMONY FROM KEVIN WITTE IN VIOLATION OF CRIMINAL STATUTES AND THE CODE OF PROFESSIONAL RESPONSIBILITY. THIS VIOLATED THE DEFENDANT'S RIGHTS SECURED BY THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS WELL AS THE ANALOGOUS PROVISIONS OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT BY DENYING HIS MOTION TO DISMISS BASED UPON THE VIOLATION OF HIS STATUTORY AND CONSTITUTIONAL RIGHTS TO A SPEEDY TRIAL.
 III. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT'S RIGHT TO COUNSEL BY COERCING HIM INTO A WAIVER OF HIS RIGHT TO A SPEEDY TRIAL IN THE ABSENCE OF COUNSEL ON OCTOBER 1, 1998.
In his first assignment of error, defendant contends that the trial court erred when it overruled his motion to exclude the testimony of Kevin Witte on the basis that Kevin Witte agreed to testify against the defendant pursuant to a plea bargain with the prosecution. In support of his argument, defendant citesUnited States v. Singleton (1998), 144 F.3d 1343. InSingleton, the Tenth Circuit Court of Appeals held that offering something of value, such as money or leniency to a witness, informant, or defendant, violates the federal bribery statute, Section 201(c)(2), Title 18, U.S. Code, as well as the Code of Professional Responsibility. As a result, the Singleton court held that the testimony of such a witness must be suppressed. However, a majority of the Tenth Circuit Court of Appeals sittingen banc, reversed the panel decision in United States v.Singleton (1999), 165 F.3d 1297. Sitting en banc, the court held that the federal bribery statute did not apply to the United States, or to an assistant United States Attorney functioning within the scope of his or her office. Although defendant concedes the original panel decision was reversed, defendant maintains that the rationale behind that decision should be followed, as some other courts have adopted a similar rationale. However, the majority of courts faced with defendant's argument have criticized the original Singleton decision. See UnitedStates v. Haese (1998), 162 F.3d 359; United States v. Ware
(1998), 161 F.3d 414; Wainsworth Marcellus Hall v. United States
(1998), 30 F. Supp.2d 883; United States v. Clark (1998),29 F. Supp.2d 869; United States v. Abraham (1998), 29 F. Supp.2d 206;United States v. Crumpton (1998), 23 F. Supp.2d 1218; UnitedStates v. White (1998), 27 F. Supp.2d 646; United States v. Hammer
(1998), 25 F. Supp.2d 518; United States v. Gabourel (1998),9 F. Supp.2d 1246; United States v. Eisenhardt (1998),10 F. Supp.2d 521; United States v. Reid (1998), 19 F. Supp.2d 534; and United States v. Arana (1998), 18 F. Supp.2d 715.
Furthermore, in State v. Wolery (1976), 46 Ohio St.2d 316, the Ohio Supreme Court held that a witness's testimony is not excludable solely because the witness is testifying pursuant to a plea bargain with the state. The court held that, when fully disclosed to the jury, a promise of immunity offered by the prosecuting attorney to a witness in exchange for his testimony affects the weight to be given that testimony and not its admissibility. Id., paragraph one of the syllabus. Accordingly, defendant's first assignment of error is overruled.
In his second assignment of error, defendant contends that the trial court erred when it denied his motion to dismiss on the basis that his statutory and constitutional rights to a speedy trial had been violated. The right to a speedy trial is a fundamental right of an accused guaranteed by the Sixth Amendment to the United States Constitution and made applicable to the states by the Fourteenth Amendment. Klopfer v. North Carolina
(1966), 386 U.S. 213, 87 S.Ct. 988; and Barker v. Wingo (1972),407 U.S. 514, 92 S.Ct. 2182. In Barker, the court set out a balancing test to be followed in determining whether a period of delay has been reasonable. The test requires the court to consider the following factors: (1) the length of the delay complained of; (2) the reason for such delay; (3) whether or not the defendant has attempted to assert his right to a speedy trial; and (4) the amount of prejudice resulting to the defendant.
At the crux of defendant's argument is the continuance of the defendant's trial date from October 1, 1998, to November 23, 1998. The transcript from October 1, 1998, provides as follows:
 THE COURT: We're here on the matter of the State of Ohio versus Justin Coleman. Case number 98CR-4470.
Counsel for the state is present.
Do you have a lawyer?
THE DEFENDANT: Yes, ma'am.
THE COURT: Who is your lawyer?
THE DEFENDANT: Tom Twyford and Sam Weiner.
 THE COURT: Tom Twyford was just here. He said he's not been retained to represent you for this proceeding in the adult court. He was only involved in the Juvenile Court.
 Mr. Weiner has never showed up. He's never checked in here, so I have no idea.
 The case is set for trial today. We obviously can't go to trial today. One, I'm in trial. Two, you need a lawyer that is going to represent you, and prepare.
 I have in front of me a continuance form that waives time, that is saying that you are waiving your time to go to trial. And since you don't have a lawyer I'm going to just give it to you, ask you to sign it, set a new trial date for November twenty-third. I will have you screened by the Public Defender's Office to see if you are indigent and entitled to a court appointed attorney. If you are, and you do not have an attorney retained to represent you, Mr. Weiner and Mr. Twyford or anybody else you hire is not representing you, then at least I'll be able to appoint one. But if it is that you are not eligible, then you have to retain an attorney, otherwise you have to represent yourself.
 So why I brought you out is because I want to let you know that Mr. Twyford was here, he said he'd not been officially retained to represent you in the adult proceeding, only on the bind over proceeding, and to see if you agree to waive time until November twenty-third when I can have you screened to see if you could have a lawyer appointed.
What do you want to do?
 Otherwise, the trial is today, you would have to defend yourself. I don't know if you are in a position to do that.
THE DEFENDANT: No, ma'am. I guess I'll sign it.
THE COURT: Okay. [10/1/98 Tr. 2-4.]
Balancing the factors set forth in Barker, supra, we are unable to find that the defendant's right to a speedy trial was violated. In this case, the length of the delay, less than two months, is modest. Moreover, the delay was necessary, first because the court was currently in trial on another matter on October 1, 1998, and second, because the defendant, despite his repeated assertions that he had retained counsel, was unrepresented prior to, and at the time of, the scheduled trial date. Additionally, when asked by the court whether he was prepared to go to trial, the defendant did not assert his right to a speedy trial but, rather, stated that he was not prepared to proceed.
In regard to the fourth factor of the Barker analysis, defendant argues that he was prejudiced by the continuance of his trial because had he proceeded to trial on October 1, 1998, defendant asserts that the prosecution would not have had the testimony of Kevin Witte to support its case. Defendant's argument is premised upon the fact that Kevin Witte testified in the case against his mother after October 1, 1998. Although Kevin Witte did testify against his mother after October 1, 1998, defendant's argument that Kevin Witte would not have been available to testify to the defendant's participation in the murder of Roger Witte is entirely speculative. Finding no prejudice, and having balanced the factors set forth in Barker,supra, we find no violation of the defendant's Sixth Amendment rights. Defendant's second assignment of error is, therefore, overruled.
In his third assignment of error, defendant maintains that the trial court coerced him into agreeing to the October continuance. However, our review of the transcript reveals no overreaching or coercion. Rather, the transcript demonstrates that the trial court represented the facts to the defendant in a truthful manner. First, the court explained that it was currently in trial on another matter. Second, although defendant repeatedly asserted to the court that he had retained Mr. Twyford and Mr. Weiner to represent him, the court explained that neither attorney had made an appearance on his behalf. Additionally, the court explained to the defendant that Mr. Twyford personally informed the court on the morning of October 1, 1998, that he had not been retained by the defendant.
It is undisputed that a defendant has a right under theSixth Amendment to the United States Constitution to have counsel at all critical stages of the criminal process. However, there is no presumption that a straightforward continuance constitutes a critical stage of the criminal process, or that a defendant cannot agree to a continuance without counsel being present to represent him. While the trial court could have requested that a public defender be summoned to explain the situation to the defendant in greater detail, looking at the situation from a reasonable perspective, the court did not apply any pressure when it explained the defendant's options and offered, in light of the defendant's continuing misbelief that he was being represented by Mr. Twyford and Mr. Weiner, to have counsel appointed. As such, this court concludes that the trial court did not coerce the defendant into agreeing to the continuance. Defendant's third assignment of error is, accordingly, overruled.
Based on the foregoing, all three of the defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.
[1] Defendant was seventeen years of age at the time the murder occurred.